**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**COLONIAL LINCOLN MERCURY SALES, INC., Respondent.**

No. 73–1117.

United States Court of Appeals, Fifth Circuit.

Oct. 16, 1973.

Elliott Moore, Acting Asst. Gen. Counsel, N.L.R.B., Washington, D. C., Walter C. Phillips, Director, Region 10, Atlanta, Ga., Jane P. Schlaifer, Washington, D. C. (N.L.R.B.), for petitioner.

John Bacheller, Jr., J. B. Rhoads, Atlanta, Ga., for respondent.

Before GEWIN, AINSWORTH and MORGAN, Circuit Judges.

PER CURIAM:

This case is before the court on the application of the National Labor Relations Board pursuant to § 10(e) of the National Labor Relations Act[1] for the enforcement of its order issued May 24, 1972 against Colonial Lincoln Mercury Sales (Colonial).[2] After a careful review of the evidence adduced at the hearing before the Administrative Law Judge, it is our considered opinion that the Board's order should be enforced.

■ This case presents an unfortunate "overreaction" by a company to its employees' legitimate and orderly attempt to organize for collective bargaining purposes. The Board's conclusion that Colonial violated § 8(a)(1) of the Act by coercively interrogating its employees and unlawfully changing its policy regarding employees' hours is fully supported by the record. Similarly, the § 8(a)(3) and (1) violations found by the Board based on the discriminatory discharge of employees Jackson, Abbot and Franklin and the company's refusal to reinstate fifteen employees who participated in the unfair labor practice strike are supported by substantial evidence.

■ No purpose would be served by a laborious restatement of the facts found by the Administrative Law Judge and adopted by the Board in its order. Colonial has earnestly contended that the Board improperly interpreted and overemphasized the importance of a speech given to its employees by the President of Colonial the day after the company learned of the employees' union activity. The Board held that although the speech did not amount to an unfair labor practice it could properly be considered as background in reviewing the significance of Colonial's subsequent acts. We agree. See, Hendrix Manufacturing Co. v. N.L.R.B., 321 F.2d 100, 103 (5th Cir. 1963); N.L.R.B. v. Builders Supply Co. of Houston, 410 F.2d 606, 608 (5th Cir. 1969).

■ On the basis of the extensive unfair labor practices revealed in this record, the Board correctly ordered Colonial to bargain with the employees' chosen representative. Colonial's conduct completely vitiated any hope of attaining a fair election. See N.L.R.B. v. Gissel Packing Co., 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969). The Board's order is in all respects enforced.

1. 29 U.S.C. § 151 et seq.

2. The Board's decision and order are reported at 197 NLRB No. 3.